B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS**<br>LEONARD J. ACKERMAN, CHAPTER 7 TRUSTEE | **DEFENDANTS**<br>LESLIE PETERS, also known as LESLIE PETERS THORNBURGH, also known as LESLIE THORNBURGH |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Gary E. Slater (99141); Timothy J. Truxaw (106428)<br>Slater & Truxaw, LLP<br>15373 Innovation Drive Suite 210, San Diego, CA 92128<br>Tel.: (858) 675-0755; Fax (858) 675-0733 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Avoidance of Fraudulent Transfers and/or Insider Preferential Transfers, Recovery of Value of Transfers, Turnover of Property, Disallowance of Claims, Damages for Breach of Promissory Note, and for Recovery of Money Had and Received [11 U.S.C. Sections 502, 547, 548, 550, 551; Cal. Civil Code Sections 3439-3439.12]

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other (Sections 502, 550, 551)

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $   $1,059,577.57 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>DAVID MICHAEL PETERS | BANKRUPTCY CASE NO.<br>23-00105-MM7 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern | DIVISION OFFICE | NAME OF JUDGE<br>Hon. Margaret M. Mann | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Gary E. Slater | | | |
| DATE<br>July 27, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>GARY E. SLATER | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Gary E. Slater (State Bar No. 99141)
Timothy J. Truxaw (State Bar No. 106428)
SLATER & TRUXAW, LLP
15373 Innovation Drive, Suite 210
San Diego, California  92128
Telephone: (858) 675-0755 / Fax: (858) 675-0733

Attorneys for Plaintiff
Leonard J. Ackerman, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>DAVID MICHAEL PETERS,<br><br>　　　　　Debtor.<br><br>─────────────────────────<br><br>LEONARD J. ACKERMAN,<br>Chapter 7 Trustee,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LESLIE PETERS, also known as<br>LESLIE PETERS THORNBURGH,<br>also known as LESLIE THORNBURGH,<br><br>　　　　　Defendant. | Case No. 23-00105-MM7<br><br>Adv. No. _____<br><br>COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFERS AND/OR INSIDER PREFERENTIAL TRANSFERS, RECOVERY OF VALUE OF TRANSFERS, TURNOVER OF PROPERTY, DISALLOWANCE OF CLAIMS, DAMAGES FOR BREACH OF PROMISSORY NOTE, AND FOR RECOVERY OF MONEY HAD AND RECEIVED<br><br>[*11 U.S.C. §§ 502, 547, 548, 550, 551; Cal. Civil Code §§ 3439 - 3439.12*]<br><br>Date:  None Set<br>Time:  None Set<br>Dept.  One (1)<br><br>Honorable Margaret M. Mann |

　　　　Leonard J. Ackerman, Chapter 7 Trustee (the "Trustee"), the chapter 7 trustee for the above-captioned bankruptcy estate (the "Estate") of David Michael Peters ("Debtor"), files this complaint against Leslie Peters, also known as Leslie Peters Thornburgh, also known as Leslie Thornburgh ("Defendant"), and alleges as follows:

1

## INTRODUCTION

1. This adversary proceeding relates to various transactions between the Debtor and Defendant, including without limitation funds transfers from Debtor to Defendant during January of 2022 totaling not less than $850,000.00; and liabilities and transactions related to Debtor's loan to Defendant in or about December 2015 and Defendant's defaults and obligations under a related promissory note executed by Defendant on or about January 13, 2017, all for not less than the unpaid principal sum $209,577.57, plus interest thereon from May 1, 2023 through the entry of judgment hereon.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2), including without limitation subsections (A),(E),(F), (H) and (O) thereof.

4. This adversary proceeding arises under title 11 of the United States Code (the "Bankruptcy Code") and arises in the above-captioned case (the "Case") under the Bankruptcy Code now pending before this Court.

5. Venue of this adversary proceeding is properly before this Court pursuant to 28 U.S.C. §§ 1409(a), (c).

6. This Complaint initiates an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001. Pursuant to Local Bankruptcy Rule 7008-1, the Trustee consents to entry of final orders or judgment by the bankruptcy judge if any matters are determined to be core. Pursuant to Local Bankruptcy Rule 7008-2, the Trustee hereby waives his right to a jury trial and consents to a bench trial in this adversary proceeding.

## PROCEDURAL BACKGROUND AND PARTIES

7. Debtor commenced this Case by filing his voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 20, 2023 (the "Petition Date"). On April 11, 2023, the Court entered its order converting the Case to a case under chapter 7 of the Code (ECF Doc. No. 141, the "Conversion Order"). At all times since the Court's entry of the Conversion Order, the Trustee has

been and now is serving in this Case as the duly-appointed trustee and authorized representative of Debtor's chapter 7 Estate pursuant to section 704 of the Bankruptcy Code.

8. Debtor commenced a previous bankruptcy case (Case No. 22-00036-LT11, the "Prior Case") by his filing in this Court on January 10, 2022, of a voluntary petition for relief under chapter 11 (subchapter V) of the Bankruptcy Code. The Court's order (ECF No. 60) dismissing the Prior Case was entered therein on March 14, 2022.

9. The Trustee is informed and believes, and thereon states, that Defendant is the Debtor's sister and, at all times herein mentioned, Defendant was and is an individual residing in San Diego County, California.

10. At all times herein mentioned, (a) Defendant is and was a "relative" of the Debtor, as that term is defined in Bankruptcy Code § 101(45) and (b) as such, Defendant is and was an "insider" of the Debtor, as that term is defined in Bankruptcy Code §101(31)(A)(i).

## FIRST CLAIM FOR RELIEF

(Avoidance of Preferential Transfers - 11 U.S.C. § 547)

11. The Trustee realleges and incorporates by this reference paragraphs 1 through 10, inclusive, of this complaint as though fully set forth herein.

12. The Trustee is informed, believes and thereon alleges that, within one (1) year prior to the Petition Date, Defendant received from Debtor on account of Debtor's antecedent debt to Defendant, directly and/or by payments made for Defendant's benefit, a payment of Five Hundred Thousand ($500,000.00) Dollars made on or about January 21, 2022 (the "Preference Period Transfer").

13. The Trustee is informed, believes and thereon alleges that, pursuant to applicable law, Debtor is presumed to have been insolvent for purposes of this claim, at the time when the Preference Period Transfer was made to or for the benefit of Defendant.

14. The Trustee is informed, believes and thereon alleges that, the effect of the Preference Period Transfer was to enable Defendant to receive more than Defendant would receive under chapter 7 of the Bankruptcy Code if the Preference Period Transfer had not been made and Defendant received payment on account of such debt to the extent permitted under the Bankruptcy

3

Code.

15. The Trustee has demanded that Defendant account for and repay the Preference Period Transfer to the Trustee, but Defendant has failed and refused, and continues to fail and refuse to repay the Preference Period Transfer to the Trustee for the benefit of the Estate.

16. The Preference Period Transfer is and was an avoidable preferential transfer pursuant to 11 U.S.C. § 547.

## SECOND CLAIM FOR RELIEF

(Avoidance of Fraudulent Transfers - 11 U.S.C. § 548)

17. The Trustee realleges and incorporates by this reference paragraphs 1 through 16, inclusive, of this complaint as though fully set forth herein.

18. The Trustee is informed, believes and thereon alleges, based upon Plaintiff's review and investigation of financial and banking records of the Debtor and financial institutions with which Debtor conducted business at times relevant to the payments referred to herein, that Defendant received from Debtor on account of Debtor's antecedent debt to Defendant, directly and/or by payments for Defendant's benefit the following sums totaling not less than Eight Hundred Fifty Thousand ($850,000.00) Dollars (collectively, the "Fraudulent Transfers"):

| Date of Payment | Amount |
| --- | --- |
| 01/14/2022 | $350,000.00 |
| 01/21/2022 | $500,000.00[1] |

19. The Trustee is informed, believes and thereon alleges that each of the Fraudulent Transfers was made to or for the benefit of Defendant in payment of a debt owed from Debtor to Defendant.

20. The Trustee is informed, believes and thereon alleges that no consideration was given by Defendant to the Debtor in return for either of the Fraudulent Transfers and, therefore, that the Debtor received less than reasonably equivalent value in exchange for each of the Fraudulent

---

[1] This $500,000.00 payment is the same payment referred to in paragraph 12 hereinabove, alternatively pled for avoidance and recovery under this claim for relief.

4

Transfers within the meaning of 11 U.S.C. § 548(a)(1)(B).

21. The Trustee is informed, believes and thereon alleges that at the times when Debtor made each of the Fraudulent Transfers, Debtor was failing to generally pay his debts as they came due and Debtor was insolvent at the times when Debtor made each of the Fraudulent Transfers.

22. The Trustee is informed, believes and thereon alleges that at the times when Debtor made one or both of the Fraudulent Transfers, such transfer was made during a then-pending bankruptcy case in which Debtor failed to seek authority of the Court to make such transfer(s), Debtor's liabilities exceeded his assets, and Debtor was failing to generally pay his debts as they came due; and, therefore, Debtor made each of such Fraudulent Transfers with the belief or intent that Debtor would incur debts that would be beyond his ability to pay as such debts matured.

23. The Trustee is informed, believes and thereon alleges that the effect of each of the Fraudulent Transfers was to enable Defendant to receive more than Defendant would receive under chapter 7 of the Bankruptcy Code if the Fraudulent Transfers had not been made and Defendant received payment on account of such debt to the extent permitted under the Bankruptcy Code.

24. The Trustee is informed, believes and thereon alleges that each of the Fraudulent Transfers constitutes a fraudulent transfer within the meaning of 11 U.S.C. § 548.

### THIRD CLAIM FOR RELIEF

(Avoidance and Recovery of Fraudulent Transfers - 11 U.S.C. § 544(b) and California Uniform Fraudulent Transfer Act (Cal. Civil Code §§ 3439 - 3439.12)

25. The Trustee realleges and incorporates by this reference paragraphs 1 through 24, inclusive, of this complaint as though fully set forth herein.

26. The Trustee is informed, believes and thereon alleges, as further alleged herein, each of the Fraudulent Transfers was made to or for the benefit of Defendant in payment of a debt owed from Debtor to Defendant: (a) Debtor received less than reasonably equivalent value in exchange for each of the Fraudulent Transfers; (b) Debtor and Defendant knew that Debtor was insolvent on the dates when Debtor made the Fraudulent Transfers; and (c) Debtor and Defendant knew or should have known that the Fraudulent Transfers were believed or intended to place Debtor in a condition in which Debtor would be unable to pay its debts as they matured.

5

27. The Trustee is informed, believes and thereon alleges that Defendant is the initial transferee of the Fraudulent Transfers made, or the immediate transferee of such initial transferee, or is the individual, trust or entity for whose benefit the Fraudulent Transfers were each made.

28. The Trustee is informed, believes and thereon alleges that, pursuant to 11 U.S.C. §§ 544(b), 548 and 550, and the California Uniform Fraudulent Transfer Act (Cal. Civil Code §§ 3439-3439.12), the Trustee is entitled to a judgment: (i) avoiding and preserving each of the Fraudulent Transfers; (ii) directing that each of the Fraudulent Transfers be set aside; and (iii) recovering each of the Fraudulent Transfers from Defendant for the benefit of Debtor's Estate.

## FOURTH CLAIM FOR RELIEF

(Recovery of Avoided Transfers or Value Thereof - 11 U.S.C. § 550)

29. The Trustee realleges and incorporates by this reference paragraphs 1 through 28, inclusive, of this complaint as though fully set forth herein.

30. The Trustee is informed, believes and thereon alleges that, upon avoidance of each of the Preference Period Transfer, the Fraudulent Transfers, and each of them alleged herein, the Trustee is entitled, pursuant to 11 U.S.C. § 550, and hereby requests that the Court order and adjudge that the Trustee shall recover from Defendant for the benefit of the Estate the money or property transferred or, if the Court so orders, the value of such money or property, from: (a) the initial transferee of each such transfer (or such person, trust or entity for whose benefit each such transfer was made); or (b) any immediate or mediate transferee of such initial transferee.

## FIFTH CLAIM FOR RELIEF

(Turnover of Property of the Estate - 11 U.S.C. §§ 542)

31. The Trustee realleges and incorporates by this reference paragraphs 1 through 30, inclusive, of this complaint as though fully set forth herein.

32. The Trustee is informed, believes and thereon alleges that, Defendant was and is in possession of property of the Estate referred to herein, of descriptions and having values subject to proof at trial; that the Trustee Plaintiff is entitled to the immediate turnover of such property to the Trustee for administration along with other property of the Estate; and that, to any extent that such property has been further transferred, expended, disposed of or rendered not recoverable herein,

6

then the Trustee is entitled to a money judgment for reasonable value of such property as of the Petition Date herein.

### SIXTH CLAIM FOR RELIEF

[Disallowance of Claims Pursuant to 11 U.S.C. § 502(d)]

33. The Trustee realleges and incorporates by this reference paragraphs 1 through 32, inclusive, of this complaint as though fully set forth herein.

34. The Trustee is informed, believes and thereon alleges that, Defendant is (i) a transferee of an avoidable preferential transfer under 11 U.S.C. § 547, (ii) a transferee of avoidable fraudulent transfers under 11 U.S.C. § 548, (iii) a transferee of avoidable preferential transfers under applicable state law, including without limitation the California Uniform Fraudulent Transfer Act (Cal. Civil Code §§ 3439 - 3439.12), and (iv) an obligee of avoidable transfer(s) under 11 U.S.C. § 544(b) and applicable state law.

35. Despite multiple demands therefor, Defendant has failed and refused to turn over money and/or property to the Trustee for which Defendant is liable to the Estate under the authorities cited hereinabove and 11 U.S.C. § 550.

36. Pursuant to 11 U.S.C. § 502(d), the Trustee is entitled to a judgment as prayed herein and disallowing any and all Claims by or through Defendant against the Estate, and any amendment thereof or supplement thereto which may be filed herein.

### SEVENTH CLAIM FOR RELIEF

[Breach of Contract (Promissory Note)]

37. The Trustee realleges and incorporates by this reference paragraphs 1 through 36, inclusive, of this complaint as though fully set forth herein.

38. The Trustee is informed, believes and thereon alleges that, in or about December 2015, Debtor and his then-spouse, Janet M. Peters, lent to Defendant from their community property funds the original principal sum of not less than $180,217.06; and, on or about January 13, 2017, Defendant executed and gave in consideration of such loan the original of the written contract

(promissory note) attached hereto, marked Exhibit "A", incorporated by reference herein.[2]

39. The Trustee is informed, believes and thereon alleges that: (a) as of May 1, 2023, the unpaid principal balance then due under the Note was not less than Two Hundred Nine Thousand Five Hundred Seventy-Seven & 57/100 ($209,577.57) Dollars, plus interest accruing thereon at not less than the Note rate of three and one-half (3.5%) percent per annum; (b) monthly payments of Eight Hundred Nine & 18/100 ($809.18) Dollars per month were and are due and unpaid under the Note for the months of at least May, 1, 2023 and each month thereafter; and (c) Defendant was and is in material default of her obligations under the Note by reason of her failure to make such payments, despite multiple written demands having been made therefor by Trustee's counsel on June 5, 2023 and July 18, 2023.

40. The Trustee is informed, believes and thereon alleges that, by reason of the foregoing facts and circumstances, in addition to all other sums now due and owing by Defendant to the Estate, Defendant is now indebted to the Trustee for the sums recited in paragraph 39 of this complaint, plus the Trustee's fees and costs incurred to enforce the Note and to recover all sums due thereunder from Defendant.

## EIGHTH CLAIM FOR RELIEF

[Money Had and Received]

41. The Trustee realleges and incorporates by this reference paragraphs 1 through 40, inclusive, of this complaint as though fully set forth herein.

42. The Trustee is informed, believes and thereon states that, within the last two years at San Diego, California, Defendants became indebted to Debtor in the minimum sum of Two Hundred Nine Thousand Five Hundred Seventy-Seven & 57/100 ($209,577.57) Dollars, plus interest accruing thereon at not less than three and one-half (3.5%) percent per annum and not in excess of the maximum pre-judgment rate of interest permissible under the greater of California or federal laws, for money had and received by Defendant for the use and benefit of Defendant.

---

[2] Although the Note documents refer to a purported deed of trust, the Trustee is informed, believes and thereon states that no deed of trust was ever recorded as security for the Note and, therefore, the obligations due with respect to the subject loan and Note are secured debts owing to the Estate.

8

43. The Trustee is the sole party entitled to recover the foregoing sums from Defendant and, neither the whole nor a part of this sum has been paid, though demand therefore has been made, and there is now due, owing and unpaid the minimum sum of Two Hundred Nine Thousand Five Hundred Seventy-Seven & 57/100 ($209,577.57) Dollars, plus interest accruing thereon at not less than three and one-half (3.5%) percent per annum and not in excess of the maximum pre-judgment rate of interest permissible under the greater of California or federal laws, according to proof to be established at trial of this adversary proceeding.

## RESERVATION OF RIGHTS

44. The Trustee reserves his right to supplement and/or amend any of the allegations contained in this complaint, including without limitation the right to (i) allege further information regarding any or all of the Preference Period Transfer, the Fraudulent Transfers, the enforcement and collection of sums due under or in connection with the Note, and each of them; (ii) make modifications and/or revisions to Defendant's name(s) or to identify other transferees or names of recipients discovered in connection with the claims alleged herein; (iii) allege claims against additional defendants, including without limitation initial, mediate or other transferees and/or conduits by or through which any of such transfers were made, including without limitation Defendant's agents or successors; and/or (iv) allege additional causes of action arising under 11 U.S.C. §§ 542, 544, 545, 547, 548, 549, 550 or other applicable state or federal laws; (collectively, the "Amendments"), that may become known during the course of this adversary proceeding through investigation, formal discovery or otherwise, and for the Amendments to relate back to the date of filing of this original complaint.

45. To any extent that Defendant, or any of Defendant's transferees, successors, predecessors, agents or affiliates, has filed or hereafter files any proof(s) of claim or has claims listed on Debtor's schedules as undisputed, liquidated and not contingent, or have otherwise requested payment from the Debtor or this Estate (collectively, the "Claims"), this complaint is not intended to be, nor shall it be construed as, a waiver of the Trustee's right to object to any of such Claims for any reason including, but not limited to, 11 U.S.C. § 502, and all such rights are expressly reserved for the benefit of the Estate. Notwithstanding this reservation of rights, certain relief pursuant to 11

9

U.S.C. § 502(d) is sought by this complaint.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests that the Court enter relief and judgment in the Trustee's favor, for the benefit of the Estate, and against Defendant as follows:

On the First Claim for Relief:

1. For a determination that the Preference Period Transfer was a preferential transfer within the meaning of 11 U.S.C. § 547; and

2. For a judgment against Defendant avoiding the Preference Period Transfer for the benefit of the Estate in the aggregate amount of $500,000.00, plus any additional amounts according to proof.

On the Second Claim for Relief:

1. For a determination that each of the Fraudulent Transfers was a fraudulent transfer within the meaning of 11 U.S.C. § 548; and

2. For a judgment against Defendant avoiding each of the Fraudulent Transfers for the benefit of the Estate in the aggregate amount of $850,000.00, plus any additional amounts according to proof.

On the Third Claim for Relief:

1. For a determination that each of the Fraudulent Transfers was a fraudulent transfer and avoiding each of them for the benefit of the Estate pursuant to 11 U.S.C. §§ 544(b), 548 and 550, and the California Uniform Fraudulent Transfer Act (Cal. Civil Code §§ 3439 - 3439.12).

2. For a judgment against Defendant avoiding each of the Fraudulent Transfers in the aggregate amount of $850,000.00, plus any additional amounts according to proof.

On the Fourth Claim for Relief:

1. For a determination and judgment that, upon avoidance of the Preference Period Transfer, the Fraudulent Transfers, and each of them, Plaintiff is entitled, pursuant to 11 U.S.C. § 550, to recover for the benefit of the Estate the money or property transferred or, if the Court so orders, the value of such money or property, from: (a) the initial transferee of each such transfer (or such person, trust or entity for whose benefit each such transfer was made); or any

immediate or mediate transferee of such initial transferee.

On the Fifth Claim for Relief:

1. For a determination and judgment that Defendant is in possession of property of the Estate referred to herein, of descriptions and having values subject to proof at trial; that the Trustee Plaintiff is entitled to the immediate turnover of such property to the Trustee for administration along with other property of the Estate; and that, to any extent that such property has been further transferred, expended, disposed of or rendered not recoverable herein, then the Trustee is entitled to a money judgment for reasonable value of such property as of the Petition Date herein.

On the Sixth Claim for Relief:

1. For a determination and judgment disallowing all of Defendant's Claims against the Debtor's Estate pursuant to 11 U.S.C. §§ 502(b)(1) and 502(d).

On the Seventh Claim for Relief:

1. For a determination and judgment that Defendant has materially defaulted under the Note and that Defendant is thereupon liable to the Trustee for the principal amount of $209,577.57, plus interest accruing thereon at 3.5% per annum from May 1, 2023 through and including the date of entry of judgment herein, plus any other accruals due thereunder, as well as the Trustee's reasonable attorney's fees and costs incurred to enforce the Note and to recover all sums due thereunder.

On the Eighth Claim for Relief:

1. For a determination and judgment that Defendant is indebted to the Trustee for not less than the principal amount of $209,577.57, plus the maximum amount of interest and other accruals thereon due under applicable laws through and including the date of entry of judgment herein, plus the Trustee's fees and costs incurred to recover such sums from Defendant.

/././

/././

/././

/././

/././

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA 92128

On All Claims for Relief:

1. For pre-judgment and post-judgment interest on each of the amounts determined to be avoidable as fraudulent and/or preferential transfers herein, for attorney's fees, costs of suit, post-judgment collection costs, and all other legal and/or equitable relief allowed by the Court under applicable laws.

Dated: July 27, 2023            Respectfully Submitted,

                                        SLATER & TRUXAW, LLP

                                        By: */s/ Gary E. Slater*
                                            Gary E. Slater
                                            Attorneys for Plaintiff
                                            Leonard J. Ackerman, Chapter 7 Trustee

12

# PROMISSORY NOTE
[Secured by Deed of Trust]

## RECITALS

The parties to this Promissory Note are David M. Peters and Janet M. Peters (collectively, "Lender") and Leslie Peters ("Borrower"). The following comprises the terms and conditions of the loan of $180,217.06 from Lender to Borrower. It is the intention of Borrower to use the loan proceeds to pay off an existing mortgage on the property located at 3448 Bumann Road, Encinitas, CA 92024 ("Property").

## AGREEMENT

**Section 1**.  Lender paid off the outstanding mortgage on the Property in the principal sum of $180,217.06 in or about December 2015.

**Section 2**.  Borrower, for value received, agrees to repay the principal sum and accumulated interest within thirty (30) years of the pay off date, i.e., on or before December 31, 2045. The rate of the interest is 3.5%. Interest is to compound annually. Interest will begin to accrue as of December 31, 2015.

**Section 3**.  Lender agrees to accept partial payments of the principal or interest without a prepayment penalty.

**Section 4**.  Borrower agrees to commence monthly payments of $809.18 commencing on January 1, 2016.

**Section 5**.  This Promissory Note is secured by a Deed of Trust executed by Borrower in favor of Lender, to be recorded against the real property described above within 180 days of full execution of this Promissory Note. The Deed of Trust secures the Promissory Note as a recourse loan.

**Section 6**.  Borrower is liable for repayment of all amounts owing Lender under this Agreement.

**Section 7**.  Borrower acknowledges that David M. Peters is an attorney and that David M. Peters does not represent Borrower in connection with this transaction. Lender has further advised Borrower that she should seek the advice of independent legal counsel to protect her respective interests.

## GENERAL PROVISIONS

**Section 1**.    **Rights Cumulative; No Waiver**.  No right or remedy herein conferred upon or reserved to either of the parties to this Promissory Note is intended to be exclusive of any other right or remedy, and each and every right and remedy shall be cumulative and in addition to any other right or remedy given under this Promissory Note or now or hereafter legally existing upon the occurrence of any event of default under this Promissory Note. The failure of either party to this

-1-

Promissory Note to insist at any time upon the strict observance or performance of any of the provisions of this Promissory Note, or to exercise any right or remedy, shall not be construed as a waiver or relinquishment of such right or remedy with respect to subsequent defaults. Every right and remedy given by this Promissory Note to the parties to it may be exercised from time to time and as often as may be deemed by those parties.

**Section 2.** **Applicable Law and Partial Invalidity.** The execution, interpretation, and performance of this Agreement shall in all respects be controlled and governed by the laws of the State of California. If any part of this Agreement shall be declared invalid or unenforceable, either party shall have the option to terminate this Agreement by personal delivery or certified return-receipt U.S. mail to the other party.

**Section 3.** **Delivery of Notices.** Notices or other communications between the parties to this Agreement may be mailed by U.S. registered or certified mail, return receipt requested, postage prepaid, and may be deposited in the U.S. mail. Such notices may also be delivered by hand or by any other receipted method or means permitted by law. For purposes of this Agreement, notices shall be deemed to have been "given" or "delivered" upon personal delivery thereof or forty-eight (48) hours after having been deposited in the U.S. mail as provided herein.

Notice to Lender:

David M. Peters & Janet M. Peters
P.O. Box 2326
Rancho Santa Fe, CA 92067

Notice to Borrower:

Leslie Peters
3448 Bumann Road
Encinitas, CA 92024

**Section 4.** **Entire Agreement.** This instrument contains the entire, complete and final agreement between the Lender and Borrower and the parties herein, and there are no other agreements, written or oral, express or implied, between or among the parties concerning the subject matter of this Agreement which is not incorporated herein.

**Section 5.** **Modification of Agreement.** This Agreement may be modified only by written agreement of the parties. Any oral agreements are expressly invalid.

**LENDER**

By: _____
David M. Peters

Dated: 12/16, 2016

By: _____
Janet M. Peters

Dated: 12/16, 2016

**BORROWER**

By: _____
Leslie Peters

Dated: 1/13/17, 2016

-2-

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF SAN DIEGO     )

On DECEMBER 16, 2016, before me, ROBIN K. RIVERA, a Notary Public, personally appeared **David M. Peters**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary

[seal]
ROBIN K. RIVERA
COMM. # 2138987
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
COMM. EXPIRES JAN. 2, 2020

---

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF SAN DIEGO     )

On DECEMBER 16, 2016, before me, ROBIN K. RIVERA, a Notary Public, personally appeared **Janet M. Peters**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary

[seal]
ROBIN K. RIVERA
COMM. # 2138987
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
COMM. EXPIRES JAN. 2, 2020